**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**DAVID BELLE,**

    Petitioner,

v.                                                    Case No. 1:17cv313-MW/CAS

**JULIE L. JONES, Secretary,
Department of Corrections,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner David Belle, a state inmate represented by counsel, has filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He has not paid the filing fee.

Petitioner Belle is an inmate at the Suwannee Correctional Institution, which is located in the Middle District of Florida. *See* ECF No. 1; 28 U.S.C. § 89(b). In his § 2254 petition, he challenges a state court conviction and sentence entered by the Twelfth Judicial Circuit, in and for Manatee County, which is also located in the Middle District of Florida. *See* ECF No. 1; 28 U.S.C. § 89(b).

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file

habeas petition in district where he was convicted and sentenced or in district where he is incarcerated).   In this case, because Petitioner is not incarcerated in this district and does not challenge a judgment of a state court located in this district, jurisdiction is not appropriate in this Court.

Jurisdiction is appropriate in the United States District Court for the Middle District of Florida, the district of both Petitioner's incarceration and challenged conviction.   Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2018.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate

**judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**